(15 Misc. Rep. 450.)

### WOODRUFF v. AUSTIN.

(City Court of New York, General Term.   January 28, 1896.)

1. APPEAL—HEARING—QUESTIONS TO BE CONSIDERED.
   Where an appeal has been taken by defendant from an order denying a motion to set aside service of summons, made on the ground that the court did not have jurisdiction of defendant's person, plaintiff cannot, on argument of the appeal, raise the point that defendant appeared generally after the appeal was taken, but such question should be presented by a motion to dismiss the appeal.

2. SERVICE OF SUMMONS—PRIVILEGE OF WITNESS.
   Service of summons will not be set aside on the ground that defendant had come within the jurisdiction of a court as a witness in a pending action, where it appears that the cause appeared on the day calendar on November 7th, and was, at the request of one of the parties, passed for the day, and did not come up again until November 18th,. though it was marked "Ready," and liable to be called at any time; that on November 14th, defendant was informed that his attendance as a witness was not required on that day, and that he might go home and return on November 18th, and that the witness remained until the afternoon, when he was served with summons.

Appeal from special term.

Action by Amos R. Woodruff against William Austin.   From an order denying a motion to set aside the service of summons made on defendant in New York City, on the ground that, plaintiff being a resident of New Jersey and defendant being a resident of Massachusetts, the court was without jurisdiction of the parties, and on the ground that defendant, at the time of service, was within the city of New York for the purpose of giving his testimony as a wit-

ness in an action pending in the supreme court, and was privileged, defendant appeals.　Affirmed.

Argued before FITZSIMONS, and BOTTY, JJ.

Root & Marsh, for appellant.

A. Edward Woodruff, for respondent.

BOTTY, J.　In determining the questions arising on this appeal we must be guided solely by the printed record as made up for that purpose.　The contention made by the respondent, upon the argument of this appeal, that the defendant appeared generally in this action since the taking of the appeal cannot be considered here.　To bring this question before the court, the respondent should have moved for a dismissal of the appeal, on notice to the appellant.　The record shows that the plaintiff, a practicing lawyer at the time of the commencement of this action, resided in the city of Rahway, N. J., and had an office for the regular transaction of his business in person within the city of New York.　The fact that plaintiff had such an office within the city of New York was sufficient to give the court jurisdiction, as, under the provision of section 3160 of the Code of Civil Procedure, he is deemed a resident of that city.

It also appears from the record that the defendant is a resident of Boston, Mass.　He came to New York on the morning of November 7, 1895, for the purpose of attending as a witness in behalf of the plaintiff in the trial of the action of Chrimes against Squier, pending in the New York supreme court.　On that day said cause appeared on the day calendar, and was marked "Ready," but at the request of the attorney for the defendant the same was passed for the day. The case did not again appear on the day calendar until November 18th, although the same was marked "Ready," and was liable to be called up at any time.　On the morning of November 14th the witness was informed by counsel for the plaintiff that his attendance at court was not required on that day, and that he might go back to Boston, and return on November 18th.　The witness, however, remained in the city, and on the afternoon of November 14th, between the hours of 4 and 5 o'clock, he called at the office of Mr. Woodruff, the plaintiff in this action, and was thereafter, and on the same day, served with the summons herein, the service of which he now seeks to set aside.

It seems that the witness' delay in returning home on the day in question was unnecessarily prolonged, and that, at or about the time of the service of the process, he was attending to business of a private nature.　By reason of the premises he forfeited his privilege of exemption from service of process.　The motion to set aside the service of the summons was, therefore, properly denied.

Order of November 27, 1895, and the order of resettlement of November 29, 1895, appealed from, affirmed, with costs.